IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROLANDO MARGARITO MENA RUIZ, <br> ID # 1106648, <br>     Petitioner, <br> vs. <br><br> DOUGLAS DRETKE, Director, <br> Texas Department of Criminal <br> Justice, Correctional Institutions Division, <br>     Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 3:05-CV-0760-G |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case:  This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

    Parties:  Petitioner is currently confined at the Allred Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas. Respondent is the Director of TDCJ-CID.  The court has not issued process to Respondent in this case.

    Statement of the Case: Following his plea of not guilty, Petitioner was convicted of aggravated kidnaping in the 282nd Judicial District Court in Dallas County, Texas, Cause No. F97-49319-PS.  Punishment was assessed at sixty years imprisonment.  (Am. Pet. Writ of

Habeas Corpus filed Mar. 31, 2005, at 2.)  He claims to have appealed the conviction, but has obtained no response on his appeal.[1]  (See id. ¶¶ 8-9.)  He filed neither a petition for discretionary review nor a state petition for writ of habeas corpus.  (Id. ¶¶ 8-9 and 11.)

In his federal petition, he alleges he did not understand the consequences "of this conviction or plea," and his conviction was obtained by the use of a coerced confession and by a violation of the Double Jeopardy Clause.  (Am. Pet. at p 7).

Findings and Conclusions: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims.  28 U.S.C. § 2254(b) and (c) (West 2005); Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1533 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  Rose v. Lundy, 455 U.S. 509, 518 (1982); see also Rhines, 125 S.Ct. at 1533.  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Morris v. Dretke, 379 F.3d 199, 204 (5th Cir. 2004) (quoting Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir.1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07.  Whitehead v. Johnson, 157 F.3d 384, 387

---

[1] In his original federal petition filed in this action, petitioner indicates that he did not appeal the conviction.  (*See* Pet. for Writ of Habeas Corpus filed Feb. 28, 2005.)

(5th Cir. 1998); <u>Bautista v. McCotter</u>, 793 F.2d 109, 110 (5th Cir. 1986); <u>Richardson v. Procunier</u>, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement.  It is clear that he filed neither a petition for discretionary review nor an art. 11.07 application.  (Am. Pet. at 3).  The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the claims which Petitioner raises in this action.  Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to refile after exhausting state habeas corpus remedies.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.  28 U.S.C. § 2254(b).

A copy of this recommendation will be mailed to Petitioner.

Signed this 12th day of May, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.